UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>BACH THUOC VU, in his individual and representative capacity as Trustee—Vole Irrevocable Family Trust; KIMBERLY T LE, and Does 1-10,<br><br>    Defendants. | No. 2:14-cv-2786-JAM-EFB<br><br>ORDER FOR SANCTIONS |

On September 4, 2015, plaintiff filed a motion to compel defendant Kimberly T Le to provide responses to plaintiff's discovery requests. ECF No. 14. Plaintiff's motion was ultimately set for hearing on October 14, 2015. ECF No. 15. As addressed below, defendant failed to respond to either the discovery requests or the motion to compel.

Because defendant failed to provide any response to plaintiff's discovery requests Local Rule 251(e) applies. *See* E.D. Cal. L.R. 251(e) (providing that the requirement that the parties file a Joint Statement re Discovery Disagreement does not apply "when there has been a complete and total failure to respond to a discovery request or order."). Local Rule 251(e) requires a responding party to file a response to the discovery motion at issue no later than seven days before the hearing date or, in this instance, by October 7, 2015. Defendant failed to timely file

1

either an opposition or statement of non-opposition by that date. Accordingly, on October 9, 2015, the court continued the hearing to November 4, 2015, ordered defendant to file an opposition or statement of non-opposition to the pending motion by October 21, 2015, and ordered defendant to show cause, in writing by October 21, 2015, why sanctions should not be imposed based on her failure to timely file an opposition or statement of non-opposition to the plaintiff's motion. ECF No. 16.

As with the discovery request and motion to compel, defendant failed to respond to that order.

Just prior to the November 4 hearing (i.e., near the close of business on November 3), and well after the court had completed its preparation for the hearing, plaintiff filed a notice withdrawing his motion, stating that the matter was now moot. ECF No. 20. Although the parties resolved their discovery dispute, that fact did not moot the order to show cause for violation of the Local Rules. Nor does it absolve defendant of her obligation to respond to the court's October 9, 2015 order to show cause. As defendant's counsel has failed to provide any justification for his failure to comply with the court's local rules, and has failed to comply with the court's October 9 order, monetary sanctions are warranted.[1]

Accordingly, defendant is sanctioned in the amount of one hundred fifty ($150) dollars. This sum shall be paid to the Clerk of the Court no later than thirty (30) days from the effective date of this order.

DATED: November 4, 2015.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] Defendant's current counsel did not file a request to be substituted as attorney for defendant until October 21, 2015, the date a response to the order to show cause was due. *See* ECF Nos. 17, 18. Regardless, defendant filed nothing in response to the motion or the order. Further, since substituting into the case defendant's current attorney has not filed a response to the October 9 order, nor sought an extension of time to do so.