UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>BACH THUOC VU, in his individual and representative capacity as Trustee--Vole Irrevocable Family Trust; KIMBERLY T. LE, and Does 1-10,<br><br>    Defendants. | No. 2:14-cv-02786-JAM-EFB<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES |

Plaintiff Scott Johnson ("Plaintiff" or "Johnson") sued Defendants Bach Thuoc Vu ("Vu") and Kimberly T. Le ("Le") (collectively, "Defendants") in November 2014 alleging Defendants' Boomer Medical Clinic did not comply with state and federal disability access laws. Compl. at 1, 4-7, ECF No. 1. Johnson brought four claims against Defendants: (1) violation of the Americans with Disabilities Act ("ADA"), (2) violation of the Unruh Civil Rights Act, (3) violation of the California Disabled Persons Act, and (4) negligence. Id. at 4-7. In April 2015,

1

Plaintiff voluntarily dismissed Vu without prejudice. ECF Nos. 11, 12. In February 2016, the parties stipulated to "settle the portion of the case[] relating to issues of injunctive relief." Consent Decree at 2, ECF No. 24. The parties noted that the Court should not dismiss the case in its entirety because "monetary issues are still at issue . . . [and] these issues may still proceed to trial." Id. at 3. In February 2017, Johnson moved for partial summary judgment on his first and second claims. Mot. Summ. J. at 3-9, ECF No. 31-1. Johnson did not address his third or fourth claims in his motion for summary judgment. The Court granted Johnson's motion. ECF No. 35. In April 2017, Johnson voluntarily dismissed his third and fourth claims. ECF No. 38. Johnson now requests attorneys' fees on his first and second claims. ECF No. 37.

I. OPINION

A. Legal Standard

A prevailing party may recover reasonable attorneys' fees and expenses under the ADA and the Unruh Act. 42 U.S.C. § 12205; Cal. Civ. Code § 52(a). "[A] plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." Farrar v. Hobby, 506 U.S. 103, 111-12 (1992). To determine a reasonable fee, courts calculate "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

B.  Analysis

    1.  Hours Reasonably Expended

District courts have discretion in determining the number of hours reasonably expended on a case.  See Chalmers v. City of Los Angeles, 796 F.2d 1205, 1211 (9th Cir. 1986).  A court should exclude from a request for attorneys' fees hours that were not reasonably expended, "such as those incurred from overstaffing, or 'hours that are excessive, redundant, or otherwise unnecessary."  The Sierra Club v. United States Envtl. Prot. Agency, 75 F. Supp. 3d 1125, 1148 (N.D. Cal. 2014) (quoting Hensley, 461 U.S. at 434).  Despite its discretion, a court "may not attempt to impose its own judgment regarding the best way to operate a law firm, nor to determine if different staffing decisions might have led to different fee requests."  Moreno v. City of Sacramento, 534 F.3d 1106, 1115 (9th Cir. 2008).

Plaintiff's motion requests $16,199 in fees and costs, but his reply reduces the request to $14,274.  Mot. for Attorneys' Fees ("Mot.") at 16; Reply at 4.  In support of his request, Plaintiff submitted a billing statement itemizing the hours expended by attorneys Mark Potter, Phyl Grace, Isabel Masanque, Chris Carson, and Amanda Lockhart.  Billing Statement at 1, ECF No. 37-3.

Defendant Le asks the Court to reduce several of the billing entries.  Opp'n at 2.

    a.  Mr. Potter's 9/30/2014 Entry

Le argues Mr. Potter's billing entry of 0.9 hours on 9/30/2014 is unreasonable in light of "the hundreds of cases Plaintiff's firm has filed in this District."  Id. at 2.  Given

3

that this case mirrors dozens of others brought by Johnson, the Court finds Le's argument meritorious. The Court reduces the 9/30/2014 entry to 0.3 hours.

    b. <u>Mr. Potter's 11/3/2014, 11/18/2014, and 2/3/2015 Entries</u>

Le argues a more junior attorney or staff member could have completed the public records request, review of cover sheet, and drafting discovery for which Mr. Potter billed a total of 3.4 hours in the November and February billing entries. Opp'n at 2. Johnson responds that the Ninth Circuit rejected the same argument in <u>Moreno</u>. Reply at 1-2. Under <u>Moreno</u>, a district court cannot reduce attorneys' fees solely because a more junior attorney could have completed the work. See <u>Moreno</u>, 534 F.3d at 1115. In following <u>Moreno</u>, this Court will not reduce the 11/3/2014, 11/18/2014, and 2/3/2015 billing entries solely based on Le's argument that Mr. Potter could have delegated the tasks to a more junior attorney.

    c. <u>Mr. Potter's Estimated Entry for Reply Brief</u>

Mr. Potter initially estimated 7 hours to "review opposition brief, draft the reply brief, [and] attend oral argument." Billing Statement at 3. Mr. Potter now reduces that entry to 1.5 hours. The Court finds it reasonable to spend 1.5 hours reviewing Le's opposition and drafting a response. Unlike the motions and complaint in this case, Johnson's reply brief does not appear to be a near carbon-copy of replies filed by Johnson in other cases.

///

///

4

####    d.   Ms. Masanque's 2/7/2017 Entries

Le argues Ms. Masanque's entry for 2.4 hours to draft Johnson's and the expert's declarations are unreasonable because the declarations were nearly identical to that in dozens of other cases. Opp'n at 2. Johnson responds that "these objections are cursory and amount to little more than condescending jeremiads." Reply at 4.

The Court agrees with Le. Johnson's declaration in support of his motion for summary judgment was only three pages long and used language very similar to the complaint and to other declarations by Mr. Johnson filed with this Court. See ECF No. 31-5. The expert's declaration was also only three pages long. See ECF No. 31-10. The Court finds it unreasonable to bill 2.4 hours to draft and get signatures on two three-page declarations. The Court therefore decreases Ms. Masanque's 2/7/2017 billing entry for drafting declarations to 1 hour.

Le also argues Ms. Masanque's 7 hour billing entry for drafting Johnson's summary judgment motion is unreasonable because Johnson's motions are "almost a 'form' by now." Opp'n at 2. Le also notes that Ms. Masanque billed a total of 9.4 hours on 2/7/2017. Id.

The Court disregards Le's implications regarding Ms. Masanque billing 9.4 hours in one day and finds that it was not unreasonable for Ms. Masanque to work and bill hours beyond an eight hour workday. The Court agrees with Le however that it was unreasonable to expend 7 hours on Johnson's summary judgment motion. First, Johnson's motion for partial summary judgment contained ten substantive pages. See ECF No. 31. Of those ten

pages, the first five pages include facts about Johnson and legal standards that appear in the complaint in this case and in other motions for summary judgment brought by Johnson in this court. See id. The substantive analysis specific to this case in the summary judgment motion occupies a maximum of five pages. See id. The Court finds it unreasonable for Ms. Masanque to bill seven hours to write a mere five pages of substance. The Court therefore reduces the second 2/7/17 billing entry to 4 hours.

### e. Chris Carson's 5/11/2016 Entry

Le argues Chris Carson's entry of 2.3 hours for pretrial statement tasks is unreasonable because there was no need for a pretrial statement because the Court granted Johnson's motion for summary judgment. Opp'n at 2. Johnson responds that these pretrial documents were filed a year before the summary judgment motion and they can be found on the docket. Reply at 4.

The Court has reviewed the pretrial documents, and notes that the pretrial statement contains only one page (page 3) of information unique to this case. See ECF No. 25. Additionally, the witness list contains only four names. See ECF No. 25-1. Given the brevity and simplicity of these documents, the Court finds it unreasonable to expend 2.3 hours on this work. The Court reduces Carson's 5/11/2016 entry to 1.3 hours.

Le does not ask the Court to strike any of Ms. Grace's or Ms. Lockhart's billing entries or any other additional billing entries.

### 2. Reasonable Hourly Rate

The Court must now multiply the reasonable hours expended in this litigation by the reasonable hourly rate for each attorney.

See Johnson v. Chan, 2016 WL 4368104 at *3 (E.D. Cal. Aug. 15, 2016). Courts determine reasonable hourly rates by reviewing the "prevailing market rates in the relevant community." Blum v. Stenson, 465 U.S. 886, 895 (1984). The party seeking fees must "produce satisfactory evidence . . . that the requested rates are in line with . . . lawyers of reasonably comparable skill, experience and reputation." Id. at 895 n.11.

Johnson seeks hourly rates of $350 for Potter, $250 for Grace, and $200 for Masanque, Carson, and Lockhart. Mot. at 9. Johnson relies on John O'Connor's expertise on attorneys' fees, ECF No. 37-4, and the 2014 Real Rate Report, ECF No. 37-5.

The Court is not persuaded that the requested hourly rates are reasonable. First, O'Connor's declaration is of little assistance to the Court because O'Connor does not evaluate disability access cases; instead, O'Connor's analysis primarily pertains to labor litigation. See ECF No. 37-4. Second, the Real Rate Report addresses reductions to hourly fees for numerous corporate practice areas, but not disability access. See ECF No. 37-5, at 29. The Report also does not provide a baseline hourly rate for attorneys in firms of less than 50 lawyers. See id. The Report does not provide a helpful benchmark for lawyers litigating disability access cases for non-corporate clients.

In his reply, Johnson relies on an order issued by Judge O'Neill in Fresno where Judge O'Neill relies on the Laffey Matrix for awarding attorneys' fees in an ADA case. Reply at 3. While the Court is aware Judge O'Neill did not issue his order until after Johnson filed his attorneys' fees motion, Johnson did not rely on this case in his motion and Le has not had the

opportunity to address it.  Additionally, at least two judges in the Sacramento division of the Eastern District of California have refused to rely on the Laffey Matrix for awarding attorneys' fees in ADA cases.  See Johnson v. Wayside Prop., Inc., No. 2:13-cv-1610-WBS, 2014 WL 6634324, at *7 (E.D. Cal. Nov. 21, 2014); Johnson v. Lin, No. 2:13-cv-01484-GEB-DAD, 2016 WL 1267830, at *3 (E.D. Cal. Mar. 31, 2016).  The Court therefore declines to rely on the Laffey Matrix to determine reasonable fees in this case.

Instead, the Court looks to rates awarded by other courts in this district.  "District judges can . . . consider the fees awarded by other judges in the same locality in similar cases." Moreno v. City of Sacramento, 534 F.3d 1106, 1115 (9th Cir. 2008).  Recently, this Court and other judges in the Eastern District of California have found the hourly rates of $300 for Potter, $250 for Grace, and $150 for junior associates reasonable for disability access cases in the Sacramento legal community. See Johnson v. Castro, No. 2:14-CV-2008-JAM-CKD, 2016 WL 7324715, at *1 (E.D. Cal. Dec. 15, 2016); Chan, 2016 WL 4368104 at *3; Johnson v. Gross, No. 14-2242, 2016 WL 3448247, at *3 (E.D. Cal. June 23, 2016); Lin, 2016 WL 1267830, at *4.

Accordingly, the Court awards the following attorneys' fees:

| | | | | | |
|---|---|---|---|---|---|
| **Potter** | 13.7 hrs | x | $300 | = | $4,110.00 |
| **Grace** | 5.1 hrs | x | $250 | = | $1,275.00 |
| **Masanque** | 17.6 hrs | x | $150 | = | $2,640.00 |
| **Lockhart** | 7.3 hrs | x | $150 | = | $1,095.00 |
| **Carson** | 3.2 hrs | x | $150 | = | $ 480.00 |
| | | | | = | $9,600.00 |

Lastly, the Court grants Plaintiff's motion to recover $1,399.00 in litigation expenses.

## II.  ORDER

For the reasons set forth above, the Court GRANTS Plaintiff's motion for attorneys' fees and expenses and awards a total of $10,999.00.

IT IS SO ORDERED.

Dated: June 29, 2017

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE